UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODERICK L. ENSLEY<br><br>            Plaintiff,<br><br>-v-<br><br>SNOW & SAUERTEIG, LLP<br><br>            Defendant. | CASE NO.: 1:20-cv-00202<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Roderick L. Ensley, for his Complaint against Snow & Sauerteig, LLP ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described further in this Complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

PARTIES

4. Plaintiff, Roderick L. Ensley ("Mr. Ensley"), is a natural adult person residing in Fort Wayne, Indiana, which lies within the Northern District of Indiana.

5. Mr. Ensley is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Ensley is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Snow & Sauerteig, LLP, is an Indiana limited liability partnership in the business of collecting consumer debts on behalf of others throughout the State of Indiana. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is registered with the Indiana Secretary of State bearing Business ID number 1998120323, and has been in business since 1998.

10. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

11. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

13. While conducting a routine review of his credit reports, Mr. Ensley discovered a derogatory entry bearing Defendant's name concerning a consumer debt in collections that was originally incurred to Summit Radiology P.C. (the "Subject Debt"). Relevant pages from Mr.

Ensley's Trans Union credit report, dated July 22, 2019, are attached collectively to this Complaint as Exhibit A.

14. Mr. Ensley did not recognize this account as belonging to him.

15. On or around July 22, 2019, Mr. Ensley phoned Defendant to get more information about the Subject Debt Defendant was reporting to Trans Union (the "Phone Call").

16. During the Phone Call, Mr. Ensley spoke with a representative for Defendant who identified Defendant as a "debt collector" attempting to collect upon a "debt."

17. During the Phone Call, Defendant's agent attempted to collect the Subject Debt from Mr. Ensley including offering him payment plan options. As part of Defendant's collection efforts, Defendant's agent also represented to Mr. Ensley that the Subject Debt would remain as a delinquent collection account on his credit reports until it was paid off.

18. To date, Mr. Ensley has not made a payment to Defendant on the Subject Debt.

19. On January 27, 2020, Mr. Ensley again checked his credit reports and discovered that the Subject Debt was no longer being reported by Defendant.

20. As such, Defendant's representations to Mr. Ensley during the Phone Call concerning its credit reporting of the Subject Debt were false, deceptive and/or misleading.

21. After a reasonable time to conduct discovery, Mr. Ensley believes he can prove that all actions taken by Defendant as described it this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Mr. Ensley was misled by Defendant's collection activity.

23. Mr. Ensley justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

24.     Due to Defendant's conduct, Mr. Ensley was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25.     Due to Defendant's conduct, Mr. Ensley is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e, e(5), e(10) and f

26.     All prior paragraphs are incorporated into this count by reference.

27.     The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(5) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

28.     Defendant violated 15 U.S.C. §§ 1692e, e(5), e(10) and f during the Phone Call by threatening to take a material action against Plaintiff in connection with the Subject Debt (*i.e.*, continuing to report the Subject Debt to the credit bureaus until it was paid off) that Defendant never intended to take. Defendant's threatening of material actions against Plaintiff that it never intended to take vis-à-vis the Subject Debt constituted false, deceptive and/or misleading representations, and an unfair means of collection.

29. As an experienced debt collector, Defendant knows that its representations to consumers are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

30. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. 24-5-0.5-3(a) and (b)(20)*

31. All prior paragraphs are incorporated into this count by reference.

32. The IDCSA states, in relevant part:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations. I.C. 24-5-0.5-3(a).
>
> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). I.C. 24-5-0.5-3(b)(20).
>
> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000). I.C. 24-5-0.5-4(a)(1)(2).

33. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

34. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by threatening to take a material action against Plaintiff in connection with the Subject Debt (*i.e.*, continuing to report the Subject Debt to the credit bureaus until it was paid off) that Defendant never intended to take.

35. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt.  As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

36. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

37. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roderick L. Ensley, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 21ˢᵗ day of May, 2020.　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Geoff B. McCarrell
　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Roderick L. Ensley*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Geoff B. McCarrell
　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA          )
                          ) ss
COUNTY OF ALLEN           )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Roderick L. Ensley, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5/21/2020___.

DocuSigned by:
Roderick Ensley
F6322F79152E409...
Signature

8